**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
 **Scott Allen Orr**
Debtor(s)

) Case No. **24−60105−tmr7**
)
) Filing Date: 1/18/24
) **Chapter 7 Initial Letter to Debtor**
)

1. **Meeting of Creditors.** Your petition under chapter 7 of the Bankruptcy Code was filed on the date shown above. A notice setting the time and place of a meeting of creditors should also be in this envelope. You must attend and complete the meeting or the case may be dismissed. **Important Notes:** (1) This meeting may be held by telephone or at a location other than the court; and (2) You must provide a photo ID and proof of social security number to the trustee. For details, see either enclosed Procedures Re: Debtor Identification at Telephonic 341 Meetings or paragraph 7 of the enclosed Notice of Chapter 7 Bankruptcy Case.

2. **Mailing Address.** You must keep the court, trustee, and your attorney advised in writing of any change in your mailing address until your case has been closed. All notices and orders will be mailed to the address on file with the court. Your failure to respond to any notice or order could result in dismissal, denial of your discharge right, judgments against you, or other serious consequences. A change of address form (Local Bankruptcy Form 101D) is available on the court's website at https://www.orb.uscourts.gov under the Forms heading.

3. **Notice to Creditors.** The court mails notice of a meeting of creditors to each creditor listed with a valid address. If any creditor's address is incorrect, the notice might be returned to you with the undeliverable address(es), and the debts for those creditors may not be discharged. You should attempt to find a correct address for the creditor. If you find a correct address, you should mail a copy of the notice (and any other notice returned to you) to the creditor, and also notify the court of the creditor's correct address. If it was the court's mistake, you must notify us in writing immediately. To add or delete creditors, you must use Local Bankruptcy Form 728 available at https://www.orb.uscourts.gov under the Forms heading.

4. **Pay Stubs or Earning Statements to U.S. Trustee.** Do not file these documents with the court. Immediately after you file your schedules, and not more than 14 days after you file your bankruptcy petition, you must send the United States Trustee, 405 E 8th Ave. #1100, Eugene OR 97401, copies of any paycheck stubs, earnings statements or other evidence of payment from any employer received within 60 days before you filed this case.

5. **Tax Return to Case Trustee.** Not later than 7 days before the date first set for the meeting of creditors, you must provide a copy of your most recently filed federal income tax return (or a transcript of such return) to the case trustee at the address listed in the notice for the meeting of creditors. Do not file a copy with the court.

6. **Additional Requirements.** The trustee may contact you regarding additional information you must provide or bring to the meeting. Please review any request carefully. You are especially reminded that you must account to the trustee for any money owed to you on the filing date, including earned but unpaid wages, tax refunds, and any sums on hand such as cash, bank balances, and uncashed checks. You may cash checks you received for the following: payroll; spousal or child support; unemployment; workers' compensation; and social security. However, you may be required to account to the trustee if any of these sums are ultimately not exempt. You should not cash checks for tax refunds, inheritance, or other sources that may be nonexempt funds. Bring those checks to your meeting. If you have any questions, contact an attorney or the chapter 7 trustee assigned to your case.

7. **Property.** Your secured creditors' rights will be determined by the trustee or the court. You may not dispose of any of your property, or allow any creditor to take property, without the written authority of this court or the trustee. If the trustee or the court releases the property claimed by a creditor, you may want to consult an attorney for advice regarding any duty you may have to return it or make further payments.

8. **Education Requirement**. You will not receive a discharge unless you complete a debtor education course provided by an agency approved by the United States Trustee. You may obtain a list of authorized agencies at the court's web site at https://www.orb.uscourts.gov. On the home page under Other Resources, select Debtor Education Providers. You must file a certificate of completion no later than 60 days after the date first set for your meeting of creditors.

9. **Reaffirmation of Debts**: A reaffirmation agreement is an agreement to pay a debt despite the fact that you could discharge the debt. You will lose the benefit of bankruptcy as to a reaffirmed debt. **See the reverse side of this page for important additional information about reaffirmation agreements.**

**SEE REVERSE**

**IMPORTANT INFORMATION REGARDING REAFFIRMATION AGREEMENTS**

There is a helpful video explaining reaffirmation agreements on the court's website at https://www.orb.uscourts.gov. On the home page select Information for Debtors, then the Reaffirmation Hearing Video.

A reaffirmation agreement is an agreement to pay a debt despite the fact that you can discharge that debt. After your case is concluded, any reaffirmed debts are not discharged, and the creditor can deal with you as if you had never filed for bankruptcy. If for any reason you do not make the required payments on a reaffirmed debt, the creditor can sue you and garnish your wages. Moreover, if the debt is a "secured debt" (most common example is a car loan), not only will the creditor have the right to repossess the property, but if the property does not sell for enough to pay the reaffirmed debt in full, you may be personally liable for the remaining balance.

You do not have to reaffirm any debt. Reaffirmation agreements are strictly voluntary, and are not required under the Bankruptcy Code or other law.

To reaffirm a debt, you must enter into a reaffirmation agreement, which must be filed with the court. The agreement must be filed within 60 days after the first date set for the meeting of creditors.

In some circumstances, the court must hold a hearing to consider whether to approve the agreement. At the hearing, the judge must find that the agreement will not impose an undue hardship on you or your dependents, and also that it is in your best interests. In making that decision, the judge will review the type of debt, whether or not you can afford to make payments under the agreement, and the reason you are seeking to keep any property securing the debt. It is usually not in your best interests to reaffirm an unsecured debt (one not secured by property).

You have other options in addition to reaffirming the entire debt. First, you may voluntarily repay a debt despite the fact that you have discharged that debt. Second, on secured debt, you may be able to "redeem" the property by paying the creditor the fair market value of the property and discharging any remaining balance. Third, you may be able to negotiate to reduce the amount of the debt and/or interest rate on the reaffirmed debt. Finally, if there is a large difference between the value of the property and the amount owing on it, and the creditor will not agree to reduce the balance of the debt, it may be in your best interests to surrender that property to the creditor. For example, if you owe $10,000 on a car loan, but the car is worth only $4,000, you may be better off surrendering the car.

If you sign a reaffirmation agreement, you can cancel the agreement at any time before discharge, or within 60 days after the agreement is filed with the court, whichever is later. For the cancellation to be effective, you must give written notice to the creditor that you are canceling the agreement, and should file a copy of the notice with the court. If you do cancel the agreement, you may be required to surrender any property securing the debt.